UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| DEBI J. HULL, | CIVIL ACTION NO. 5:15-357-KKC |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

Plaintiff Debi J. Hull brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying Hull's claim for disability insurance benefits. The Court, having review the record, will affirm.

### I. Factual and Procedural Background

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (internal quotation marks omitted).

Hull filed for benefits in May 2012, alleging disability due to numerous conditions, including posttraumatic stress disorder, breathing problems, no hearing in her right ear, back injury, foot injuries, wrist injury, arthritis, depression, ataxia, bipolar disorder, memory problems, and tinnitus. (Administrative Record ("AR") at 57).

---

[1] Hull filed her complaint solely against the "Commissioner of Social Security." The Court will use the name of the defendant as it is listed on the docket.

1

In denying Hull's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act. 20 C.F.R. § 404.1520(a)–(e); *see, e.g.*, *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Hull has not engaged in substantial gainful activity since October 20, 2011, the alleged onset date. (AR at 14).

At step two, the ALJ determined that Hull suffers from the following severe impairment: arthropathies. (AR at 15).

At step three, the ALJ found that Hull did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 17).

Before proceeding to step four, the ALJ determined Hull has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1567(c) and explained:

> Specifically, the claimant is limited to lifting/carrying 50 pounds only occasionally and lifting/carrying 25 pounds frequently, as opposed to constantly; standing/walking six hours in an eight-hour workday; sitting for six hours in an eight-hour workday; and only occasional exposure to dust and fumes.

(AR at 17–18).

At step four, the ALJ found that Hull has no past relevant work. (AR at 21).

At step five, the ALJ determined that, considering the RFC described above and Hull's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that she can perform. (AR at 22).

The Appeals Council denied Hull's request for review. (AR at 1). She then sought judicial review from this Court.

## II.     Analysis

Hull argues that the record contradicts the ALJ's finding that she has no mental impairments and that the record contradicts the ALJ's finding that she can stand and walk most of the day and lift up to 50 pounds.

Hull's first argument concerns the ALJ's determination that her mental impairments are not severe. Here, Hull points to the evidence of psychological consultative examiner Dr. Boerger as establishing that her mental impairments are "severe." *See* SSR 96-3P, 1996 WL 374181, at *1 (July 2, 1996) ("an impairment or combination of impairments is considered 'severe' if it significantly limits an individual's physical or mental abilities to do basic work activities; an impairment(s) that is 'not severe' must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities").

Hull argues that the ALJ erred by giving little weight to Dr. Boerger's opinion under the rationale that "Dr. Boerger's opinion relies heavily on the claimant's subjective complaints and it is not supported by the medical evidence of record." (AR at 17). Specifically, Hull argues that the ALJ erred by not recognizing Dr. Boerger's status as a specialist and, as a State Agency consultant, more like a "double (or, even triple) expert," and by not giving him more weight as an examining source. (DE 13, Pl.'s Br. at 9).

As explained above, this Court's review is limited to determining whether substantial evidence supports the ALJ's decision. *Rabbers*, 582 F.3d at 651. Here, the Court finds substantial evidence supports the ALJ's decision on Hull's mental limitations.

"Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error, because the ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity." *Allen v. Comm'r of Soc. Sec.*, No. 1:16-cv-170, 2016

WL 6471092, at *6 (W.D. Mich. Nov. 2, 2016) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). Here, as in *Allen*, "even if the ALJ had improperly classified plaintiff's mental impairments as 'not severe,' this classification is not an error requiring reversal." *Id.*

However, the more difficult question is whether the ALJ properly considered Hull's non-severe impairments in evaluating her RFC.[2] *See id.* The combined effect of all impairments must be considered in the determination of a claimant's RFC, which is the most a claimant "can still do despite [her] limitations." 20 C.F.R. § 404.1545.

Hull argues that Dr. Boerger's opinion establishes that she has more than minimal mental impairment. Hull's administrative record does contain her complaints related to her mental impairments and a form on which Hull states that she received care at "Beaumont Behavioral Health" in the months after her hearing in front of the ALJ. (AR at 245). However, at the time of the ALJ's decision, Hull had not been treated by any mental health professional. (AR at 40).

The Court's role is not to try the case *de novo*, to resolve conflicts in the evidence, or to decide questions of credibility. *Ulman v. Comm'r Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). Rather, the Court is to determine whether substantial evidence supports the ALJ's decision. *Id.* Because there is substantial evidence on this point, Hull's argument concerning the ALJ's error as it relates to her mental impairments fails.

Next, Hull argues that the ALJ erred in giving little weight to the opinion of Dr. Lorenz, her treating physician.

---

[2] Hull describes the issue as follows: "To be clear, the issue in this case given the ALJ's finding that Plaintiff had no mental limitation whatsoever of her ability to work is not whether her mental impairments prevent her from being in the work at all, but rather whether the ALJ correctly found no mental limitation of her ability to work." (DE 13, Pl's. Br. at 10).

Federal regulations require the ALJ to give "good reasons" for the weight he gives a treating source's opinion. 20 C.F.R. § 404.1527. That standard was met here because the ALJ justified his decision to give Dr. Lorenz's opinion little weight because she twice changed her opinion without justification and she did not see Hull in the interim when she changed in her mind on Hull's limitations. (AR at 20).

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (DE 12) is **DENIED** and

2. the Commissioner's Motion for Summary Judgment (DE 14) is **GRANTED**.

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g), as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously.

Dated March 31, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY